1  PHILLIP A. TALBERT
   United States Attorney
2  CHRISTOPHER D. BAKER
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, California 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5
   Attorneys for the
6  United States of America
7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,      Case No. 1: 1 6 CR · 0 0 2 0 5 DAD BAM

11              Plaintiff,         VIOLATION: 18 U.S.C. § 1029(b)(2) -
                                   Conspiracy to Traffic in and Use
12       v.                        Unauthorized Access Devices; 18
                                   U.S.C. § 1029(a)(2) – Use of
13  JARROD M. LANGFORD,            Unauthorized Access Devices (Five
                                   Counts); 18 U.S.C. § 1029(a)(3) –
14              Defendant.         Possession of Unauthorized Access
                                   Devices (Two Counts); 18 U.S.C. §
15                                 1028A(a)(1) - Aggravated Identity
                                   Theft (Two Counts); 18 U.S.C. §§
16                                 982(a)(2)(B) and 1029(c)(1)(C) –
                                   Criminal Forfeiture
17
                   I N D I C T M E N T
18
    COUNT ONE:     [18 U.S.C. § 1029(b)(2) – Conspiracy to Traffic in
19                 and Use Unauthorized Access Devices]

20       The Grand Jury charges:

21                      JARROD M. LANGFORD,

22  defendant herein, as follows:

23  I.   PARTIES, PERSONS AND ENTITIES

24  At times material to this Indictment:

25       1.    Defendant JARROD M. LANGFORD resided in Lemoore,

26  California (Kings County), in the State and Eastern District of

27  California, while employed as an aviation electrician's mate,

28  United States Navy.

2.    Groupon, Inc., Living Social, Inc., and KGB USA, Inc., provide online marketplaces to facilitate the purchase and sale of goods and services and vouchers for such goods and services. Retailers and other merchants of goods and services use the websites offered by Groupon (www.groupon.com), Living Social (www.livingsocial.com) and KGB USA (www.kgbdeals.com) to market their products.  Customers use these websites to purchase vouchers that are redeemable for goods and services, and Groupon, Living Social and KGB USA facilitate credit card transactions for the goods and services purchased by their customers.

3.    The identities of LP, BT, DC, AG, and CR are known to the Grand Jury.

II.   THE CONSPIRACY

4.    Beginning on a date unknown to the Grand Jury, but not later than in or about June 2011, and continuing thereafter to in or about August 2015, within the State and Eastern District of California and elsewhere, the defendant, with others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate, and agree with each other to knowingly and with intent to defraud traffic in and use one or more unauthorized access devices, including unauthorized credit card accounts and unauthorized product voucher codes, during a one-year period, and by such conduct obtained anything of value aggregating $1,000 or more during that period.

III.  MANNER AND MEANS OF THE CONSPIRACY

5.    In furtherance of the conspiracy during the above-described time period, LANGFORD, with the assistance of others, employed the following manner, means, and acts, among others:

6.   LANGFORD fraudulently acquired valid credit card/access device account numbers (including expiration dates and Card Verification Value (CVV) numbers) and the account holders' personal identifying information [PII] (including names, addresses, telephone numbers, and e-mail addresses) by, among other methods, purchasing such account numbers and associated PII from Internet websites, such as pawn-shop.cc.  In or about September 2012, LANGFORD unlawfully possessed more than 2,500 records of credit card/access device account numbers and the associated account holders' PII.

7.   Without the account owners' knowledge or consent, LANGFORD fraudulently used the unauthorized credit cards/access devices to purchase through various online marketplaces, including websites offered by Groupon, Living Social and KGB USA, retail goods and services and voucher codes redeemable for such goods and services (i.e., unauthorized access devices), including mattresses, wrist watches, jewelry, and electronic devices.  To facilitate these fraudulent purchases, LANGFORD input into the online websites the unauthorized credit card/access device account numbers and related information, as well as the account owners' true names and billing addresses.

8.   During the time period of the conspiracy described above, LANFORD employed these means and undertook these acts to fraudulently purchase approximately $340,000 of goods and services and unauthorized voucher codes redeemable for such goods and services.

9.   Using various online venues, including Hackforums.net, and with the assistance of one or more co-conspirators, LANGFORD

1   advertised and sold and attempted to sell (i.e., trafficked in)

2   the goods and services and unauthorized product voucher codes he

3   fraudulently acquired in the manner described above.  For

4   instance, on or about November 1, 2014, a co-conspirator

5   advertised for sale and sold on eBay approximately 31 license

6   keys for Microsoft-brand software that LANGFORD fraudulently

7   acquired and provided to the co-conspirator, earning a total of

8   approximately $2,229.86.

9       10.  In furtherance of the conspiracy, LANGFORD taught and

10  encouraged prospective customers and/or co-schemers how to

11  undertake similar fraudulent schemes, all in an effort to

12  establish his credibility and gain the trust of such customers

13  and co-schemers.

14      11.  In furtherance of the conspiracy, LANGFORD took steps

15  to hide his actual location and conceal his involvement in the

16  fraudulent scheme described above, LANGFORD installed an

17  application on his computers that would establish a virtual

18  private network (VPN) in furtherance of conducting anonymous

19  encrypted Internet sessions.  While LANGFORD undertook his

20  fraudulent activities within the State and Eastern District of

21  California, the VPN, when used by LANGFORD, gave the appearance

22  that he was located elsewhere while he was engaged in fraudulent

23  activities.

24  IV.  OVERT ACTS

25      12.  In furtherance of the conspiracy and to effectuate the

26  objects and purposes of the conspiracy, the following overt acts,

27  in addition to others, were committed in the Eastern District of

28  California:

a. On or about March 30, 2012, LANGFORD purchased 36 product voucher codes using unauthorized access devices.

b. On or about March 30, 2012, LANGFORD advertised unauthorized voucher codes for sale on Hackforums.net.

c. On or about May 29, 2012, LANGFORD directed a customer to send money to LANGFORD's PayPal payment account for the customer's purchase from LANGFORD of unauthorized product voucher codes that LANGFORD had fraudulently acquired.

d. On or about September 4, 2012, LANGFORD and a co-conspirator discussed apportioning among themselves proceeds from the co-conspirator's sale of unauthorized product voucher codes provided to him by LANGFORD.

e. On or about September 10, 2012, LANGFORD directed a co-conspirator to advertise for sale on eBay unauthorized product voucher codes that LANGFORD had fraudulently acquired.

f. On or about September 11, 2012, LANGFORD directed a customer to send money to a co-conspirator's PayPal payment account for the customer's purchase from LANGFORD of unauthorized product voucher codes that LANGFORD had fraudulently acquired.

All in violation of Title 18, United States Code, Sections 1029(b)(2) & (a)(2).

///

///

///

COUNTS TWO THROUGH SIX:   [18 U.S.C. § 1029(a)(2) – Use of
                           Unauthorized Access Devices]

The Grand Jury charges:

                    JARROD M. LANGFORD,

defendant herein, as follows:

     13.   Paragraphs 1 through 3, and 5 through 11 of Count One
are incorporated here.

     14.   On or about the dates set forth below, in the State and
Eastern District of California and elsewhere, defendant LANGFORD,
knowingly and with intent to defraud, used one or more
unauthorized access devices, to wit, credit card account numbers
and associated expiration dates, during a one-year period, as set
forth below, and by such conduct obtained things of value
aggregating $1,000 or more during that period, as set forth
below, with said use affecting interstate and foreign commerce:

| COUNT | APPROXIMATE DATES | CREDIT CARD (and ACCOUNT OWNER) | DESCRIPTION |
|---|---|---|---|
| TWO | 3/30/2012 | American Express x4001 (LP) | Purchased in Lemoore, CA, 36 Groupon.com redemption codes for jewelry ($2,850) |
| THREE | 5/11/2012 – 5/13/2012 | Visa x5853 (BT) | Purchased in Lemoore, CA, six Groupon.com redemption codes for mattresses and wrist watches ($1,034) |
| FOUR | 5/26/2012 – 5/28/2012 | American Express x3061 (DC) | Purchased in Lemoore, CA, seven Groupon.com redemption codes for mattresses ($4,593) |
| FIVE | 9/14/2012 | Visa x6090 (AG) | Purchased in Lemoore, CA, ten Livingsocial.com redemption codes for hair removal product ($3,190) |

| SIX | 9/16/2012 | Visa x4322 (CR) | Purchased in Lemoore, CA, 30 Livingsocial.com redemption codes for wrist watches ($1,950) |
|-----|-----------|-----------------|-------------------------------------------------------------------------------------------|

All in violation of Title 18, United States Code, Section 1029(a)(2).

COUNTS SEVEN THROUGH EIGHT: [18 U.S.C. § 1029(a)(3) – Possession of Unauthorized Access Devices]

The Grand Jury further charges:

JARROD M. LANGFORD,

defendant herein, as follows:

15.   Paragraphs 1 through 3, and 5 through 11 of Count One are incorporated here.

16.   On or about September 19, 2012, in Lemoore, California (Kings County), within the State and Eastern District of California, knowingly and with intent to defraud, possessed 15 or more devices which are unauthorized access devices, to wit credit card account numbers and associated expiration dates, said possession affecting interstate and foreign commerce, as set forth below:

| COUNT | DESCRIPTION |
|-------|-------------|
| SEVEN | Computer file "basel.txt" created on or about September 12, 2012, containing approximately 2,055 unauthorized credit card account numbers and associated PII |
| EIGHT | Computer file "2012-09-14 23-26-32.txt" created on or about September 14, 2012, containing approximately 529 unauthorized credit card account numbers and associated PII |

All in violation of Title 18, United States Code, Section 1029(a)(3).

1  COUNT NINE: [18 U.S.C. § 1028A(a)(1) - Aggravated Identity Theft]

2      The Grand Jury further charges:

3                          JARROD M. LANGFORD,

4  defendant herein, as follows:

5      13.  Paragraphs 1 through 3, and 5 through 11 of Count One

6  are incorporated here.

7      14.  On or about September 14, 2012, in Lemoore, California

8  (Kings County), within the State and Eastern District of

9  California and elsewhere, defendant LANGFORD did knowingly possess

10  and use, without lawful authority, a means of identification of

11  another real person, to wit, the name and address of AG, during

12  and in relation to a federal felony enumerated in 18 U.S.C. §

13  1028A(c), namely, Use of Unauthorized Access Devices, in violation

14  of 18 U.S.C. § 1029(a)(2), as alleged in Count Five, incorporated

15  herein by reference, all in violation of Title 18, United States

16  Code, Section 1028A(a)(1).

17  COUNT TEN: [18 U.S.C. § 1028A(a)(1) - Aggravated Identity Theft]

18      The Grand Jury further charges:

19                          JARROD M. LANGFORD,

20  defendant herein, as follows:

21      15.  Paragraphs 1 through 3, and 5 through 11 of Count One

22  are incorporated here.

23      16.  On or about September 16, 2012, in Lemoore, California

24  (Kings County), within the State and Eastern District of

25  California and elsewhere, did knowingly possess and use, without

26  lawful authority, a means of identification of another real

27  person, to wit, the name and address of CR, during and in relation

28  to a federal felony enumerated in 18 U.S.C. § 1028A(c), namely,

Use of Unauthorized Access Devices, in violation of 18 U.S.C. § 1029(a)(2), as alleged in Count Six, incorporated herein by reference, all in violation of Title 18, United States Code, Section 1028A(a)(1).

FORFEITURE ALLEGATION:    [18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C) - Criminal Forfeiture]

17.   Upon conviction of one or more of the offenses alleged in Counts One through Eight of this Indictment, defendant JARROD M. LANGFORD shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting or derived from proceeds obtained directly or indirectly, as a result of such violations; and pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offenses, including but not limited to the following:

a)   A sum of money equal to the total amount of proceeds obtained as the result of the offenses, for which defendant is convicted.

18.   If any property subject to forfeiture, as a result of the offense alleged in Counts One through Eight of this Indictment, for which defendant is convicted:

a)   cannot be located upon the exercise of due diligence;

b)   has been transferred or sold to, or deposited with, a third party;

c)   has been placed beyond the jurisdiction of the court;

d)   has been substantially diminished in value; or

1             e)    has been commingled with other property which

2                   cannot be divided without difficulty,

3    it is the intent of the United States, pursuant to 18 U.S.C. §§

4    982(b)(1) and 1029(c)(1)(C)(2), incorporating 21 U.S.C. § 853(p),

5    to seek forfeiture of any other property of said defendant, up to

6    the value of the property subject to forfeiture.

7
                                    A TRUE BILL.
8
                                    /s/ Signature on file w/AUSA
9
                                    _____
10        PHILLIP A. TALBERT        FOREPERSON
          United States Attorney
11
          KIRK E. SHERRIFF
12   By:  _____
          KIRK E. SHERRIFF
13        Assistant U.S. Attorney
          Chief, Fresno Office
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28