McGREGOR W. SCOTT
United States Attorney
CHRISTOPHER D. BAKER
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:16-CR-00205 DAD-BAM |
| Plaintiff, | PLEA AGREEMENT |
| v. | DATE: ~~TBD~~ CDB JUNE 4, 2018 |
| JARROD M. LANGFORD, | TIME: ~~TBD~~ 10:00 AM |
| Defendant. | COURT: Hon. DALE A. DROZD |

## I.   INTRODUCTION

**A.   Scope of Agreement.**

The indictment in this case charges the defendant with violations of 18 U.S.C. § 1029(b)(2) - conspiracy to traffic in and use unauthorized access devices ("Count One"), 18 U.S.C. § 1029(a)(2) - use of unauthorized access devices ("Counts Two through Six"), 18 U.S.C. § 1029(a)(3) - possession of unauthorized access devices ("Counts Seven and Eight"), and 18 U.S.C. § 1028A(a)(1) - aggravated identity theft ("Counts Nine and Ten"). This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

PLEA AGREEMENT                                1

B.  **Court Not a Party.**

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the indictment. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

II.  **DEFENDANT'S OBLIGATIONS**

A.  **Guilty Plea.**

The defendant will plead guilty to (1) Count One - conspiracy to traffic in and use unauthorized access devices, in violation of 18 U.S.C. § 1029(b)(2), and (2) Count Ten - aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea(s) should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

PLEA AGREEMENT                                    2

**B.     Restitution.**

The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses. Defendant agrees that his conduct is governed by the Mandatory Restitution Act pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii) and agrees to pay the full amount of restitution to all victims affected by this offense, including, but not limited to, the victims covered in the factual basis, victims covered in those counts to be dismissed as part of the plea agreement pursuant to 18 U.S.C. § 3663A(a)(3), and other victims as a result of the defendant's conduct for the offenses charged from the periods of June 2011 through August 2015. The parties estimate that the amount of restitution will be between approximately $10,000 and $340,000 dollars.

Defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

**C.     Fine.**

The defendant reserves the right to argue to Probation and at sentencing that he is unable to pay a fine, and that no fine should be imposed. The defendant understands that it is his burden to affirmatively prove that he is unable to pay a fine, and agrees to provide a financial statement under penalty of perjury to the Probation Officer and the government in advance of the issuance of the draft Presentence Investigation Report, along with supporting documentation. The government retains the right to oppose the waiver of a fine. If the Court imposes a fine, the defendant agrees to pay such fine if and as ordered by the Court, up to the statutory maximum fine for the defendant's offenses.

**D.     Special Assessment.**

The defendant agrees to pay a special assessment of $200 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing.

**E.     Violation of Plea Agreement by Defendant/Withdrawal of Plea(s).**

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its

representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct constituting obstruction of justice. The government also shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement. The determination of whether the defendant has violated the plea agreement will be under a probable cause standard.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

**F.     Forfeiture.**

The defendant agrees to forfeit to the United States voluntarily and immediately all of his right title and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. §§ 982 and 1029(c). These assets include:

1. CyberPower computer tower, S/N 121902-AM4488, and associated 320 GB hard drive; and

2. Samsung laptop computer, S/N HJV993BB903664L, and associated 2.5" hard drive.

The defendant agrees that the listed assets constitute property used or intended to be used to commit a violation of 18 U.S.C. § 1029.

The defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States. The defendant shall not sell, transfer, convey, or otherwise dispose of any of his asset(s), including but not limited to, the above-listed asset(s).

The defendant also voluntarily stipulates and agrees that as part of his sentence the Court may, pursuant to Fed. R. Crim. P. 32.2(b), order a forfeiture money judgment in an amount equal to the restitution ordered by the Court, less any forfeited funds.

The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions.

The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any

-0.0

defenses or defects that may pertain to the forfeiture.

### G. Asset Disclosure.

The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Affidavit" within three (3) weeks from the entry of the defendant's change of plea, including supporting documentation. The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's office within the allotted time, he will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E above.

### III. THE GOVERNMENT'S OBLIGATIONS

### A. Dismissals/Other Charges.

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending indictment. The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in paragraphs II.E (Violation of Plea Agreement by Defendant/Withdrawal of Plea(s)), VI.B (Estimated Guideline Calculation), and VII.B (Waiver of Appeal and Collateral Attack) herein.

### B. Recommendations.

1. Incarceration Range.

The government will recommend that the defendant be sentenced within the applicable guideline range as determined by the Court.

2. Acceptance of Responsibility.

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the

preparation of the pre-sentence report or during the sentencing proceeding.

**C.   Use of Information for Sentencing.**

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

**IV.   ELEMENTS OF THE OFFENSE**

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offenses to which the defendant is pleading guilty:

COUNT ONE - Conspiracy to Traffic in and Use Unauthorized Access Devices

First, beginning in or about September 2012, and ending in or about November 2014, there was an agreement between two or more persons to knowingly and with the intent to defraud traffic in and use unauthorized access devices during any one-year period in a manner that affects interstate commerce and obtain during that period things of value totaling $1,000 or more;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act on or after September 2012 for the purpose of carrying out the conspiracy.

COUNT TEN - Aggravated Identity Theft

First, the defendant knowingly possessed and used without legal authority a means of identification of another person;

Second, the defendant knew that the means of identification belonged to a real person; and

Third, the defendant did so during and in relation to trafficking in and use of unauthorized access devices (in violation of 18 U.S.C. § 1029(a)(2)).

The defendant fully understands the nature and elements of the crimes charged in the indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with

PLEA AGREEMENT                               7

his attorney.

## V.     MAXIMUM SENTENCE

### A.     Maximum Penalty.

The maximum sentence that the Court can impose for Count One is five years of incarceration, a fine of $250,000, a three-year period of supervised release and a special assessment of $100. The mandatory sentence that the Court must impose for Count Ten is two years of incarceration, in addition and consecutive to any other penalties, a fine of up to $250,000, and up to a one-year period of supervised release and a special assessment of $100. By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific counts to which he is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B.     Violations of Supervised Release.

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up two additional years imprisonment.

## VI.     SENTENCING DETERMINATION

### A.     Statutory Authority.

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must

impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

B. **Estimated Guideline Calculation.**

Stipulations Affecting Guideline Calculation: The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

COUNT ONE

1. Base Offense Level: 6 (§ 2B1.1(a)(2))
2. Loss Amount: +12 (§ 2B1.1(b)(1)(G), loss between $250,000 and $550,000)
3. Victim-related Adjustments: +2 (§ 2B1.1(b)(2)(A), ten or more victims); +2 (§ 2B1.1(b)(10)(C), sophisticated means)
4. Role in the Offense Adjustment: N/A
5. Obstruction Adjustment: N/A
6. Adjusted Offense Level: 22
7. Acceptance of Responsibility: See paragraph III.B.2 above
8. Criminal History: The parties estimate, but do not stipulate, that the defendant's criminal history category will be I.
9. Departures: N/A
10. Sentencing Range: 30-37 months (The defendant understands that if the criminal history category differs from the parties' estimate, his Guidelines sentencing range may differ from that set forth here.)
11. Departures or Other Enhancements or Reductions: N/A

COUNT TEN

1. Mandatory Penalty: two years imprisonment, consecutive

The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references. Both parties agree not to move for, or argue in support of, any departure from the Sentencing Guidelines, or ~~any deviance from the Sentencing Guidelines under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).~~ *[initials]* ES

## VII. WAIVERS

### A. Waiver of Constitutional Rights.

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

### B. Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea(s), however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximums for the offenses to which he is pleading guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate his plea(s), dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.E herein.

### C. Waiver of Attorneys' Fees and Costs.

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the

PLEA AGREEMENT                                  10

investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

### VIII.   ENTIRE PLEA AGREEMENT

Other than this plea agreement and any subsequent written filing that is signed by the parties and filed with the court, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

### IX.   APPROVALS AND SIGNATURES

**A.   Defense Counsel.**

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 3/9/2018

_____
ERIN SNIDER
Attorney for Defendant

**B.   Defendant:**

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement or other Court filings. In addition, no one has threatened or forced me in any way to enter

///

///

into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated:

_____
JARROD M. LANGFORD
Defendant

C.  **Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated: MARCH 26, 2018

McGREGOR W. SCOTT
United States Attorney

_____
CHRISTOPHER D. BAKER
Assistant United States Attorney

EXHIBIT "A"

Factual Basis for Plea(s)

Beginning not later than in or about September 2012, and continuing thereafter to in or about November 2014, within the State and Eastern District of California and elsewhere, the defendant with others known and unknown did knowingly combine, conspire, confederate, and agree with each other to knowingly and with intent to defraud traffic in and use one or more unauthorized access devices, including unauthorized credit card accounts and unauthorized product voucher codes, during a one-year period, and by such conduct obtained anything of value aggregating $1,000 or more during that period.

In furtherance of the conspiracy, defendant fraudulently acquired valid credit card/access device account numbers (including expiration dates and Card Verification Value (CVV) numbers) and the account holders' personal identifying information [PII] (including names, addresses, telephone numbers, and e-mail addresses) by, among other methods, purchasing such account numbers and associated PII from Internet websites, such as pawn-shop.cc. In or about September 2012, LANGFORD unlawfully possessed more than 2,500 records of credit card/access device account numbers and the associated account holders' PII.

Without the account owners' knowledge or consent, defendant fraudulently used the unauthorized credit cards/access devices to purchase through various online marketplaces, including websites offered by Groupon, Living Social and KGB USA, retail goods and services and voucher codes redeemable for such goods and services (i.e., unauthorized access devices), including mattresses, wrist watches, jewelry, and electronic devices. To facilitate these fraudulent purchases, defendant input into the online websites the unauthorized credit card/access device account numbers and related information, as well as the account owners' true names and billing addresses.

During the conspiracy and relevant times prior to and following the conspiracy, defendant employed these means and undertook these acts to fraudulently purchase approximately $340,000 of goods and services and unauthorized voucher codes redeemable for such goods and services.

Using various online venues, including Hackforums.net as user "VoucherMaster," and with the assistance of one or more co-conspirators, defendant advertised and sold and attempted to sell (i.e., trafficked in) the goods and services and unauthorized product voucher codes he fraudulently acquired in the manner described above. For instance, on or about September 11, 2012, defendant directed a customer to send money to a co-conspirator's PayPal payment account for the customer's purchase from defendant of unauthorized product voucher codes that defendant had fraudulently acquired.

In furtherance of the conspiracy, defendant took steps to hide his actual location and conceal his involvement in the fraudulent scheme described above. Defendant installed an application on his computers that would establish a virtual private network (VPN) in furtherance of conducting anonymous encrypted Internet sessions. While defendant undertook his fraudulent activities within the State and Eastern District of California, the VPN, when used by defendant, gave the appearance that he was located elsewhere while he was engaged in fraudulent activities.

Count Ten:

On or about September 16, 2012, in Lemoore, California (Kings County), within the State and Eastern District of California and elsewhere, defendant knowingly possessed and used, without lawful authority, a means of identification of another real person, to wit, the name and address of CR, during and in relation to his commission of a violation of 18 U.S.C. § 1029(a)(2), to wit, fraudulently purchasing 30 redemption codes for wrist watches ($1,950).